IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NEHEMIAH E. (a minor),** | ) CASE: 11cv6329 |
| **Next Friends & Plaintiffs,** | ) |
|   ANTHONY EDWARDS | ) JUDGE |
|   & YATRICE EDWARDS, | ) MAGISTRATE |
|       PLAINTIFFS, | ) |
|       v. | ) |
| OAK PARK ELEMENTARY | ) |
|   SCHOOL DISTRICT 97, | ) |
| TRISCH CARSON (Official & Indiv. Cap.) | ) |
|       DEFENDANTS. | ) |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, EQUITTABLE RELIEF & MONETARY DAMAGES**

**NATURE OF COMPLAINT**

      This is a 42 U.S.C. 1983 action alleging that Defendants (esp., Oak Park Elementary School District 97) have denied and continue to deny Plaintiff Nehemiah E., a 13 year-old, his U.S. Constitutionally protected "Property" right to a public education (and that the State of Illinois Constitution also requires Oak Park to provide a free education to Nehemiah E.). Defendants wrongly assert that the minor child is not a resident of the Village of Oak Park, Illinois; although, the child-Plaintiff and his family have resided in a home in Oak Park for nearly 7 years. The family reports harassment and degrading treatment by the School District and having been "laughed at" for claiming to be Oak Park residents. Plaintiff Nehemiah E. has attended Oak Park public schools for the past approximately 7 years. His older brother and sister attend the Village's [public] high school. Plaintiff Nehemiah's "Next Friends"—his parents, Anthony and Yatrice Edwards, assert that in violation of 42. U.S. 1983, their son Nehemiah is being denied a public education in part, because he is black.

      Classes for Nehemiah began on September 6, 2011 without Nehemiah. Plaintiff Nehemiah and his Next Friends seek a TRO ordering Defendant School District to allow Plaintiff to attend District 97's Hillside Academy. Thereafter, plaintiffs seek permanent injunctive relief; declaratory relief and monetary damages. Plaintiffs' have attached affidavits to this Complaint.

1

## JURISDICTION

Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337, and 1343(a); 28 U.S.C. § 42 U.S.C. 1651; 42 U.S.C. §1983 and 1988; and the Fourteenth Amendment. Pendent jurisdiction is had by 28 U.S.C. § 1367.

## PARTIES

(1)     Plaintiff Nehemiah E. is 13 years-old. He is a resident of Oak Park, Illinois. He is an Eighth grader at Hillside Academy, a public school in Oak Park School District 97. Plaintiff was harmed by the Defendants in Oak Park, Illinois.

(2)     Next Friend and Plaintiff Anthony Edwards, is a legal adult and is the father of Nehemiah. He is a resident of Oak Park, Illinois. Edwards was harmed by Defendants in Oak Park, Illinois.

(3)     Next Friend and Plaintiff Yatrice Edwards, is a legal adult and is the mother of Nehemiah. She is a resident of Oak Park, Illinois. Edwards was harmed by Defendants in Oak Park, Illinois.

(4)     Defendant Oak Park Elementary School District 97 located at 970 Madison Street in Oak Park, Illinois, is a public entity of the municipality of Oak Park. The District operates Hillside Academy. Defendant harmed Plaintiffs in the Village of Oak Park.

(5)     Defendant Trisch Carson, a legal adult, is the supervisor of Defendant Oak Park Elementary School District 97. Defendant Carson harmed Plaintiffs in Oak Park, Illinois

## FACTS

(1)     Nehemiah E. I lives in the Village of Oak Park, Illinois. He has resided in Oak Park with his parents and two other siblings for nearly 7 years.

(2)      Nehemiah is 13 years-old.

(3)      Nehemiah is African American as are his parents.

(4)      Nehemiah is a student at Hillside Academy. The school is a part of Oak Park Elementary School District 97.

(5) Nehemiah was slated to enter 8th grade on Tuesday, September 6, 2011; however, he has been denied an opportunity to attend school, since the School District wrongly asserts that Nehemiah and his family are not residents of Oak Park.

(6) Plaintiffs Anthony and Yatrice assert that the District has harassed them and humiliated them and has been relentless in its position that the family does not live in Oak Park. Plaintiff Yatrice Edwards reports having been laughed at by a District employee when she dropped documents off at the District. Both Yatrice and Anthony report that an investigator came to their home.

(7) Plaintiff Anthony Edwards is Nehemiah's father and the husband of Plaintiff Yatrice Edwards.

(8) Yatrice Edwards is the mother of Nehemiah.

(9) The family lives together. The household includes Nehemiah; his sister Tiara, (16) who is a student at the Oak Park-River Forest H.S.; his brother Anthony (15) who is a student at the Oak Park-River Forest H.S.

(10) The family reside at 637 S. Humphrey, Oak Park, Illinois 60304.

(11) The family has resided at this address almost 7 years. Seven years exactly in the first week of November.

(12) The Edwards children have always attended public schools in Oak Park in the time that the family has lived in Oak Park.

(13) Nehemiah attended District 97 Longfellow [public] Elementary School in Oak Park from a time in 2004 to a time in 2008.

(14) Nehemiah attended Julian [public] Middle School in Oak Park, form a time in 2009 to a time in 2010.

(15) Nehemiah has attended District 97's Hillside Academy (a public school in Oak Park) from

3

sometime in 2010 to present.  Hillside is a satellite of the aforementioned Julian.

(16)    Nehemiah recently attended summer school at Hillside Academy (June 22, 2011- August 12, 2011).

(17)    In August, Plaintiff Yatrice Edwards received a telephone call from District 97.  She was told to provide the District with proof of residency for Nehemiah.

(18)    She was told that there were four types of documents that she and her husband needed to provide to Oak Park District 97.

(19)    Ms. Edwards went to District 97 headquarters on or about August 29, 2011 and submitted four documents (a voter registration card; an insurance card; her driver's license; and a bank statement).

(20)    The  District held it needed more documents.

(21)    Additionally, Plaintiffs were told  by Trisch Carson---the School District Supervisor-- that Mr. and Mrs. Edwards needed to submit a lease.

(22)    The home in which the Edwards reside is owned in part by Mr. Edwards and the other part by his business partner.

(23)    Plaintiffs explained to Ms. Carson that the family does not rent.  Ms. Carson insisted and made the lease a condition of entry.  Ms. Carson's rationale was that the business partner's name on the mortgage made the Edwards family renters.

(24)    The Edwards created a lease showing themselves as occupants of the home and renting from the partner.

(25)    Both Mr. and Mrs. Edwards went to the School District and asserted that their son should be allowed entry to the school and they insisted that they are longtime residents of Oak Park.

(26)    On September 7, 2011 the family submitted additional documents. 1. a lease;   2.  a rent receipt; 3. a Commonwealth Edison bill;  4. a jury duty notice for Plaintiff Anthony Edwards; and 5.

a and a document from a bank showing the family's mortgage.

(27)     On September 9th, the Plaintiffs' received a voicemail from Registrar Jamie Chihose. She said in part:

"*This is Jamie Chihose, the Registrar at Oak Park elementary school. I'm sorry to inform you, but we have been doing some investigation of your residence and we are not convinced that you and your family are residents of Oak Park at the present time. So, I have spoken to my supervisor and right now your child will not be admitted into school.*"

\*        Defendant Carson is sued in her individual and official capacities.

### COUNT I:  DEPRIVATION OF 42 U.S.C. 1983 WITH INTENT TO DEPRIVE PLAINTIFF NEHEMIAH E. OF HIS "PROPERTY RIGHT" TO A RIGHT TO A PUBLIC EDUCATION

(1)     Plaintiffs repeat, re-allege and incorporate by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth and that Paragraph 1 for this Count is the Fact's section above.

(2)     Plaintiff Nehemiah E. has a U.S. Constitutionally protected property right to a public education.

(3)     Under color of law, Defendants (State actors) have, with intent, deprived Plaintiff Nehemiah E. of his Constitutionally protected property right by denying him an opportunity to attend a public school.

(4)     Defendants are the proximate cause of Plaintiff Nehemiah E.'s harm.

(5)     As a result of Defendants' actions, all Plaintiffs have suffered harm which includes, the minor child having fallen behind in course work; the minor child unable to attend classes; child care costs to Plaintiff's parents; humiliation; pain and suffering; mental stress; and legal costs.

WHEREFORE, all Plaintiffs seek injunctive relief that enjoins Defendants from denying Plaintiff Nehemiah an opportunity to attend 8th grade and that plaintiffs seek judgment against the defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $30,000 and such other relief deemed to be just and equitable.

## **COUNT II: DUE PROCESS DEPRIVATION OF PLAINTIFF'S RIGHT TO A PUBLIC EDUCATION VIOLATION OF 42 U.S.C. 1983**

(1) Plaintiffs repeat, re-allege and incorporate by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth and that Paragraph 1 for this Count is the Fact's section above.

(2) Plaintiff Nehemiah E. has a constitutionally protected property right to a public education.

(3) Without Due Process of Law, in violation of the 5th and 14th Amendments of the U.S. Constitution, Defendant School District and Defendant Trisch Carson have deprived Plaintiff Nehemiah of his right to a Public Education.

(4) Under color of law, Defendants have, with intent, deprived Plaintiff Nehemiah of his Constitutionally protected property right by denying him an opportunity to attend a public school.

(5) Under color of law, Defendants have, with intent, deprived Plaintiffs' Anthony Edwards and Yatrice Edwards of [the] Due Process that would have enabled them to argue on behalf of their minor child that he has been wrongly denied an opportunity to attend a public school.

(6) Defendants are the proximate cause of Plaintiffs' harm.

(7) As a result of Defendants' actions, all Plaintiffs have suffered harm which includes, the minor child having fallen behind in course work; the minor child unable to attend classes; child care costs to Plaintiff's parents; humiliation; pain and suffering; mental stress; and legal costs.

WHEREFORE, all Plaintiffs seek injunctive relief that enjoins Defendants from denying Plaintiff Nehemiah an opportunity to attend 8th grade and that plaintiffs seek judgment against the defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $30,000 and such other relief deemed to be just and equitable.

### COUNT III: DEPRIVATION OF PLAINTIFF'S RIGHT TO A PUBLIC EDUCATION
### VIOLATION OF ILLINOIS CONSTITUTION ARTICLE X, SEC. 1

(1) Plaintiffs repeat, re-allege and incorporate by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth and that Paragraph 1 for this Count is the Fact's section above.

(2) The State of Illinois holds that Plaintiff Nehemiah E. has a constitutionally protected property right to a free public education.

(3) Defendants have denied Nehemiah a free, public education.

(4) Defendants are the proximate cause of Plaintiffs' harm.

(5) As a result of Defendants' actions, all Plaintiffs have suffered harm which includes, the minor child having fallen behind in course work; the minor child unable to attend classes; child care costs to Plaintiff's parents; humiliation; pain and suffering; mental stress; and legal costs.

WHEREFORE, all Plaintiffs seek injunctive relief that enjoins Defendants from denying Plaintiff Nehemiah an opportunity to attend 8th grade and that plaintiffs seek judgment against the defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $30,000 and such other relief deemed to be just and equitable.

### INJUNCTIVE RELIEF

(1) Plaintiffs assert through counsel that they can succeed on the merits. There is no doubt that a child has a U.S. and Illinois Constitutionally protected "Property Right" to a public education.

(2) When the requirements of the 14th Amendment and the *Mathews v. Eldridge* "Test" (at 424 U.S. 319 (1976)) are applied to the facts in the instant matter, it is clear that Plaintiffs' (all three) can show that their 14th Amendment procedural due process has been violated by state actors acting under color of law.

(3)	Irreparable harm will result to Plaintiff Nehemiah E. if he is not permitted to attend 8th grade.

(4)	The balance of harms between Defendants and the Plaintiffs reveal that the Defendants will not suffer any harm if Plaintiffs are granted injunctive relief.

(5)	The impact on the public interest favors Nehemiah attending school.


*Plaintiff hereby makes a Jury Demand.

Prepared, September 11, 2011
s\Christopher Cooper, ESQ., PHD.,  Counsel for Plaintiffs
Law Office of Christopher Cooper, INC.
500 N. Michigan Avenue, Suite 1514, Chicago, IL 60611 or
3620 W. 80th Lane, Merrillville, IN 46410
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458   cooperlaw3234@gmail.com

Plaintiff Yatrice Edwards by her signature below swears under penalty of law that the Complaint is truthful, accurate and is based on her best recollection of the events described.


Plaintiff Yatrice Edwards' Signature: s\Anthony Edwards
Date: September 12, 2011